FILED
May 04, 2026
02:43 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | |
|---|---|
| **VICTOR E GARCIA ALVAREZ**<br>**Claimant,**<br><br>**v.**<br><br>**JAMES REED BIRNIE**<br>**Respondent.** | **Docket No. 2025-50-4529**<br><br>**State File No. 15567-2025**<br><br>**Judge Robert Durham** |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

Mr. Garcia asked Mr. Birnie to pay benefits for severe burns he suffered at work. Mr. Birnie denied the claim, arguing that Mr. Garcia was not a covered employee under Workers' Compensation Law. For the following reasons, the Court denies Mr. Garcia's claim for benefits at this time.

### History of Claim

In 2023, Mr. Garcia began working for Mr. Birnie on a construction crew with four other men. Mr. Garcia's work experience was in plumbing, not construction, so he often worked as an assistant to other crew members. However, if the job required plumbing, he would do those tasks.

He testified that he would go to Mr. Birnie's house every morning and Mr. Birnie would tell him the tasks he would perform that day. Mr. Birnie was responsible for obtaining clients and assigning work. Mr. Garcia said that, except for some basic hand tools he kept in his van, he used Mr. Birnie's tools. He asserted he worked 40 hours a week on average and sometimes more.

Mr. Garcia admitted he did some side jobs as a plumber when the opportunity arose, but he had to notify Mr. Birnie in advance. Mr. Birnie paid him in cash in an envelope every Friday for the hours he worked. Mr. Garcia submitted some of the

envelopes, and they had amounts written on them. Some envelopes were also dated, but all the dates were on or after Mr. Garcia's injury.

Mr. Garcia offered a report from the Bureau's Uninsured Employer's Fund investigator confirming that Mr. Birnie did not have workers' compensation insurance at the time of his injury.

On February 13, 2025, Mr. Birnie instructed Mr. Garcia and another worker, Augustin Acevos, to clean up litter around his home. Mr. Acevos told Mr. Garcia to start a fire in a bucket so they could warm themselves while working. Mr. Garcia testified that although he and Mr. Acevos had discussed using some sort of accelerant, he did not know that gasoline had been put on the fire when he approached to throw wood on it. Mr. Garcia's later texts and emails with Mr. Birnie and his attorney somewhat contradict this testimony.

In any event, the bucket exploded as Mr. Garcia approached it, causing severe burns to his hands, arms, chest, and face. He traveled by helicopter to a burn unit in Nashville, where he spent several weeks recovering. Mr. Garcia did not introduce any medical records but provided medical bills totaling more than $200,000 that he asserted were from his accident.

Mr. Garcia testified that he still experiences significant pain from his burns and grafts and he can only partially flex his fingers on both hands. He cannot make a fist or grasp anything tightly. However, he has worked some odd jobs and commercially operated a pressure washer.

Mr. Birnie testified that he was in the construction and renovation business when Mr. Garcia began working on projects for him in 2023. Mr. Garcia regularly worked for him but provided his own tools most of the time and could take off whenever he wanted to work for himself or others.

Mr. Birnie said that this relationship continued until he developed stage-four bladder cancer that metastasized in late 2024. The cancer required full-time treatment, and he spent most of his time in bed due to pain, weakness, and fatigue.

He testified that his condition forced him to give up his construction and renovation business in late 2024. He said that his son-in-law completely took over the business, and he continued using the construction crew that used to work for Mr. Birnie on his own projects.

Mr. Birnie asserted that in late 2024, he hired Mr. Garcia and Mr. Acevos to perform odd jobs around his house because he was bedridden and also wanted to help them make money during the winter. Given his health, he did not work with them or supervise their activities. He conceded that Mr. Garcia worked on some benches for him in early 2025 but said they were a gift for a former client.

Mr. Birnie's daughter confirmed his testimony, stating that her husband took over the construction and renovation business in 2024. her father was severely disabled in January and February 2025 because of his cancer.

## Law and Analysis

To obtain his requested relief, Mr. Garcia must show a likelihood of prevailing at a hearing on the merits that he is entitled to benefits for his February 13 injury. Tenn. Code Ann. § 50-6-239(d)(1) (2025).

To establish entitlement, Mr. Garcia must first show that his employment with Mr. Birnie on February 13, 2025, required Mr. Birnie to provide workers' compensation benefits. The Court finds that he has not shown he is likely to prove this at trial.

Section 50-6-106(5) states that an employer with fewer than five employees is not obligated to provide benefits unless the employer is a construction service provider. According to Mr. Birnie's testimony, he was out of the construction business by late 2024 because of his cancer, and he only hired Mr. Garcia and Mr. Acevos for the winter of 2024-2025 to perform odd jobs at his home.

Mr. Garcia submitted little evidence to refute this testimony. He did not establish that Mr. Birnie had five employees or was in the construction business on the day of the accident. He also did not prove that he did any construction work for Mr. Birnie after Mr. Birnie transferred his business to his son-in-law. While he said he worked on some benches, Mr. Birnie testified they were a gift for a friend, and Mr. Garcia did not prove otherwise.

Mr. Birnie also argued that even if Mr. Garcia's work had involved some construction, his employment was casual under section 50-6-102 and not covered by workers' compensation law. The statute defines a "casual employee" as "one who is not employed in the usual course of trade, business, profession or occupation of the employer." Mr. Garcia did not prove that Mr. Birnie was engaged in any business at the time of the accident. Given the evidence, the Court finds that Mr.

Garcia was a casual employee at the time of his accident and not likely to show he is entitled to workers' compensation benefits.

IT IS ORDERED.

1. Mr. Garcia's request for benefits is denied at this time.

2. This case is set for a Scheduling Hearing on **June 17, 2026**, at **9:30 a.m. Central Time**. The parties must call 615-253-0010 or 855-689-9049 to participate. Failure to call might result in a determination of the issues without the party's participation.

ENTERED May 4, 2026.

_____
**JUDGE ROBERT DURHAM**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Property Deeds for identification only
2. Mr. Birnie's Rule 72 Statement
3. Text messages between Mr. Garcia and Mr. Birnie
4. Collective pictures of Mr. Garcia's injury
5. Request for Investigation Report
6. Collective medical bills
7. Additional medical bills
8. Pay envelopes
9. Picture of Mr. Birnie's catheter tubes
10. Email from Mr. Garcia to Mr. Birnie's counsel

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on May 4, 2026.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Victor E Garcia Alvarez | X | X | █████████████████ |
| Joshua C. Lee | | X | Joshua.lee@thompsonburton.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____        ☐ Motion Order filed on _____

☐ Compensation Order filed on_____        ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s) (Requesting Party):** _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*